**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MYRICKA L. CONEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00394-O-BP** |
| | § | |
| **AMERICAN AIRLINES FEDERAL CREDIT UNION,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Equitable Tolling that *pro se* Plaintiff Myricka Coney filed on April 1, 2026 (ECF No. 2), the Motion to Dismiss and Response to Plaintiff's Motion for Equitable Tolling that Defendant American Airlines Federal Credit Union ("AAFCU") filed on July 13, 2026 (ECF No. 22), the Response in Opposition that Coney filed on September 10, 2026 (ECF No. 35), and the Reply AAFCU filed on September 24, 2026 (ECF No. 36). After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 22) and **DISMISS** Coney's Amended Complaint **without leave to amend**.

## I. BACKGROUND

In February 2022, Coney suffered from "a serious mental health condition that required inpatient hospitalization and treatment." ECF No. 20 at 4. Accordingly, she requested leave from her job at AAFCU under the Family and Medical Leave Act ("FMLA"). AAFCU approved her request for a period between February 22 to March 22, 2022. *Id.* While Coney was in the hospital and during her approved leave, members of AAFCU management, including her direct supervisor, allegedly attempted to contact her "regarding her absence and employment status." *Id.* at 5. These

attempts came despite AAFCU's knowledge of Coney's hospitalization and approved medical leave. *Id.* at 4-5. Then, on February 28, 2022, while Coney was still on approved FMLA leave, AAFCU terminated her employment. *Id.* AAFCU allegedly took this action because she "left work early without authorization" and "attempted to manipulate information during an investigation concerning her departure." *Id.* at 6.

On April 25, 2025, the Equal Employment Opportunity Commission ("EEOC") issued Coney a Notice of Right to Sue regarding AAFCU's alleged violations of the Americans with Disabilities Act ("ADA"). ECF No. 20 at 2. On April 1, 2026, Coney filed this lawsuit against AAFCU claiming employment discrimination and failure to accommodate in violation of the ADA. *See* ECF No. 1. She acknowledges she did not file suit within 90 days of receiving her right to sue, as the ADA requires. ECF No. 20 at 3. Instead, she filed a Motion for Equitable Tolling requesting that the Court toll the filing deadline and consider her ADA claims. *See* ECF No. 2.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

District courts "can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan*

*v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (cleaned up)).

**B. *Pro se* parties**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, "even a liberally-construed *pro se* civil rights complaint must set forth facts giving rise to a claim on which relief

may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (cleaned up).

## III. ANALYSIS

### A. Coney did not exhaust her administrative remedies before filing suit.

"[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Compliance is a two-part endeavor. The plaintiff must "file[] a timely charge with the [EEOC] and receive[] a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao*, 96 F.3d at 788-89). "Under the ADA, a plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act." *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (citing 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e))). Then, after receiving a right-to-sue letter, the plaintiff must file suit within 90 days of the date of receipt. *Taylor*, 296 F.3d at 379. "This rule has an important policy justification. One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 878 (5th Cir. 2003) (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984)).

Plaintiffs fail to exhaust their administrative remedies by either foregoing the two-step process or asserting claims beyond the scope of the charge and right-to-sue letter. *Id.* "Courts

should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). While not jurisdictional, the exhaustion requirement "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789 (quoting *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983)). Thus, complaints asserting unexhausted claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.*

Here, Coney received her right-to-sue letter from the EEOC on April 25, 2025. ECF No. 20 at 2. But she did not file this suit until April 1, 2026, 341 days after the EEOC notified her of her right to sue. *See* ECF No. 1. Thus, Coney did not comply with the second prong of the ADA's administrative exhaustion requirement.

**B. Coney does not demonstrate grounds for equitable tolling.**

Although her lawsuit is not timely, Coney attempts to preserve her case by arguing that the equitable tolling doctrine is appropriate under the circumstances of her case. *See* ECF No. 2. The EEOC filing period is "subject to equitable doctrines such as tolling," but the doctrine is "to be applied sparingly." *Morgan*, 536 U.S. at 113. The Fifth Circuit recognizes three principal grounds for a court to apply equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quoting *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). This list is not exhaustive, but the Fifth Circuit "has yet to directly decide if illness or mental incapacity justifies tolling." *Roe v. United States*, 839 F. App'x 836, 844 (5th Cir. 2020). *See also Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999) (assuming without deciding that even if equitable tolling was permitted based on mental incapacity, such a rule was inapplicable to the facts of the case); *Vidal*

*v. Chertoff*, 293 F. App'x 325, 329 (5th Cir. 2008) (holding the district court did not abuse its discretion in refusing to grant equitable tolling based on mental incapacity). "Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." *Vidal*, 293 F. App'x. at 329 (quoting *Lyons v. Potter*, 521 F. 3d 981, 983 (8th Cir. 2008)).

Here, Coney does not argue she is entitled to equitable tolling for any of the three reasons articulated in *Granger*. Instead, she urges the Court to toll the 90-day filing deadline because she "experienced significant grief and emotional distress and was receiving mental-health treatment herself" following the deaths of her brother and uncle. ECF No. 20 at 3. Coney explains that she received her right-to-sue letter on April 25, 2025. *Id.* at 2. Her brother passed away on April 21, 2025, and her uncle passed away on May 26, 2025. *Id.* at 2-3. The deadline to file her suit was July 24, 2025. Medical records that Coney offered in support of her Motion reflect that she sought treatment for symptoms of depression and anxiety in April and May 2025, and was indeed diagnosed with bipolar disorder, insomnia, anxiety, and cognitive difficulties including poor focus and memory issues. ECF No. 35-6 at 1-29. But the records also indicate that at a follow-up visit on June 27, 2025, she reported that her anxiety was "now manageable," her sleep pattern improved, and she denied feeling depressed. *Id.* at 30. Further, her medical records and declaration show that she returned to work during this period, though she had difficulty completing tasks. *Id.*; ECF No. 35-1 at 2.

These facts show that Coney's mental condition did not "rise to the level of exceptional circumstances" such that it "prevent[ed] her from pursuing her legal rights . . . during the filing period." *Hood*, 168 F.3d at 233; *Vidal*, 293 F. App'x at 329. The Court is sympathetic to Coney's hardships in grieving the loss of her family members, but her circumstances do not satisfy any of the established bases for applying equitable tolling and do not warrant extraordinary tolling of the

filing deadline due to mental incapacity. Thus, her ADA claims are barred for failure to timely exhaust administrative requirements.

### C. The Court should dismiss Coney's claims without leave to amend.

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976).

As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Such is the case here. "While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007). Far more than 300 days have passed since February 2022, Coney concedes that she did not timely file her lawsuit within 90-days of receiving her right-to-sue letter from the EEOC, and equitable tolling does not apply to her case. Dismissal without leave to amend is appropriate because further amendment could not cure these defects, and any such amendment would be futile.

## IV. CONCLUSION

Because Coney did not exhaust her administrative remedies and any further attempt to do so would be futile, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DISMISS** Coney's Amended Complaint **without leave to amend**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 27, 2026.

Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE